## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    **NO. 4:07CR00124**

**SHAWN SIMONE HARDIN**

### ORDER

Pending is Defendant's motion to change the method by which the balance of her sentence is served.  (Docket # 39).  Defendant requests that the Court allow her to serve the remaining 3 months of her sentence in home confinement.  Specifically, Defendant points to 42 U.S.C. §13882 *et. seq*. wherein the Bureau of Prisons was authorized to initiate the Family Unity Demonstration Project.  Defendant argues that the Bureau of Prisons has failed to effectuate the project.

A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.  *United States v. Mendoza*, 118 F.3d 707 (10th Cir. 1997).  18 U.S.C. § 3582(c) provides only three jurisdictional grants under which a court may "modify a term of imprisonment once it has been imposed."  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."   All three provisions are inapplicable in this case.

Accordingly, Defendant's motion, docket # 39, is DENIED.

IT IS SO ORDERED this 14th day of May, 2008.

_____
James M. Moody
United States District Judge